UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES T. MCINTOSH

    Plaintiff,

v.                                                                         Case No. 09-C-1106

CAPTAIN JADIN, et al.,

    Defendants.

**ORDER**

        The plaintiff, who is incarcerated at F.C.I. Otisville, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

        The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $70.57.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nusku v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Sink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Nusku*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

McIntosh alleges that seven named and 30 unnamed defendants, all of whom are officers or employees of the Brown County Jail ("BCJ"), were deliberately indifferent to his serious medical needs while he was a pretrial detainee at the BCJ awaiting disposition of his federal criminal case. Specifically, McIntosh claims that the jail's staff refused to give him his prescribed pain medication after 5 p.m., causing McIntosh to suffer painful, sleepless nights over a span of weeks. McIntosh also avers that he was not allowed to purchase or receive Eucerin, a skin cream which would have prevented "painful chronic breakouts" on his skin that exposed him to possible infection. McIntosh also takes issue with the food he was provided at the BCJ, as he maintains his meals were not appropriate for a diabetic such as himself. Finally, McIntosh complains that he was not granted his request for an exam by an eye doctor after his complaints of vision problems he attributes to his diabetes.

The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care; prison officials also must take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const. amend. VIII. A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm to an inmate violates the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Farmer*, 511 U.S. at 828; *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

The test for such a violation has two parts. *Farmer*, 511 U.S. at 834. First, the deprivation alleged must be "sufficiently serious" when viewed objectively. *Id*. The Eighth Amendment guarantees humane prisons, not comfortable ones. *Id*. at 832. To be liable, a prison official must deny the "minimal civilized measure of life's necessities" or create "a substantial risk of serious harm." *Id*. at 834. Second, the official must have acted out of "deliberate indifference" to the inmate's health or safety. *Id*. Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Id*. at 835, 837. Subjective knowledge of the risk is required: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838.

Although the Eighth Amendment does not apply to pretrial detainees, as a pretrial detainee McIntosh was entitled to at least the same protection against deliberate indifference to his basic needs under the Fourteenth Amendment as is available to convicted prisoners under the Eighth Amendment. *See Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003) (citation omitted).

**Missed Dosages of Pain Reliever**

McIntosh at least minimally states a claim of deliberate indifference in his assertion that he was denied his prescribed 9 p.m. dosage of pain medication. Pain due to the withholding of medication can constitute a serious medical need. *See West v. Millen*, 79 Fed.Appx. 190, 193 (7th Cir. 2003). The complaint alleges that he underwent surgery on his penis in April 2007 and was prescribed pain medication to help him fall asleep. McIntosh alleges that Correctional Officer Malueg and Nurse Norb Wendricks refused to give McIntosh his medication at 9 p.m., even though McIntosh repeatedly informed them and others at the BCJ that the prescription was made to relieve his pain in order to allow him to sleep through the night. Because he did not receive his pain medication before bed, McIntosh claims he had to endure many sleepless nights in pain over a period of weeks. While McIntosh states a claim regarding Malueg and Wendricks' denial of his pain medication, the allegations contained in the complaint are insufficient to state the same claim against Jadin, Anderson, Verdegan, and the unnamed defendants. The fact that McIntosh availed himself of the jail's complaint procedures and did not obtain a result to his liking does not state a claim of deliberate indifference against those to whom he complained. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("George's argument on the merits is that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself. That proposition would not help him if it were correct, for he has lost on all of his underlying constitutional theories. But it is not correct. Only persons who cause or participate in the violations are responsible.").

**Skin Cream**

The allegations of the complaint fail to state a claim of deliberate indifference regarding McIntosh's claim that he was denied Eucerin skin cream. McIntosh does not allege that he was

suffering a serious skin condition which warranted examination and treatment by a doctor, but only that his request to be permitted to purchase or have his family provide him Eucerin were denied by Wendricks. Taking the allegations of the complaint at face value, McIntosh has no claim of deliberate indifference because being denied skin cream is not sufficiently serious when viewed objectively. McIntosh's claim that being deprived of Eucerin made him more susceptible to infection is too attenuated a risk to create a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Thus, the claim regarding the skin cream will be dismissed for failure to state a claim.

## Diabetic Diet

The failure to provide inmate diabetics with a special diet could be cruel and unusual punishment in some circumstances. *See Sellers v. Henman*, 41 F.3d 1100, 1102-03 (7th Cir. 1994). McIntosh, a diabetic with dietary restrictions, alleges he told Wendricks that he needed to eat "healthier food" and that the jail's normal fare made McIntosh's feet swell up, but that Wendricks did nothing to ensure that McIntosh was provided diabetic meals. McIntosh claims that the food he ate at the BCJ has caused excessive weight gain and caused a spike in his blood-sugar levels, which has resulted in damage to his vision and nerves. The allegations in the complaint at least minimally state a claim that Wendricks was deliberately indifferent to McIntosh's need for a diabetic diet, as the complaint alleges McIntosh informed Wendricks of his dietary requirements in May and June of 2007, but Wendricks did nothing to ensure that McIntosh received appropriate meals.

## Eye Care

Finally, McIntosh alleges that he informed Wendricks that he was having difficulty seeing, experienced blurriness and had eye pain. According to the complaint, Wendricks twice denied McIntosh's request to see an eye doctor, apparently because federal authorities would not authorize

sending him to an eye doctor, and there was no eye doctor at the jail. The allegations of the complaint are sufficient to state a claim of deliberate indifference against Wendricks.

## Personal Involvement

McIntosh fails to allege how Captain Jadin, Lieutenant Verdegan, Complaint Examiner Anderson, Correctional Officer Reed, Correctional Officer Reese and the 30 unnamed defendants (15 members of the Medical Services Unit and 15 administrative personnel) were personally involved in denying him his pain medication, skin cream, a diabetic diet or ophthalmic care. To recover under § 1983 a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An official satisfies the personal responsibility requirement of § 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Id*. That is, the official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye—in short, some causal connection or affirmative link must exist between the action complained about and the official sued in order to recover under § 1983. *Id*.

## Conclusion

The Court finds that the McIntosh may proceed on the following claims: that defendants Wendricks and Malueg were deliberately indifferent to McIntosh's serious medical need by denying him his prescribed 9 p.m. dosage of pain medication, and that Wendricks exhibited deliberate indifference by failing to provide McIntosh with diabetic meals and by failing to ensure that McIntosh saw an eye doctor. All other claims are dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Wendricks and Malueg, employees of the Brown County Jail pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Warden of F.C.I. Otisville shall collect from the plaintiff's prison trust account the $279.43 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Brown County Jail Administrator at 3030 Curry Lane, Green Bay, Wisconsin, and the Brown County Corporation Counsel at 305 E. Walnut St., Green Bay, Wisconsin.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a

photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this __21st__ day of January, 2010.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge
