UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES T. MCINTOSH

    Plaintiff,

v.                                           Case No. 09-C-1106

CAPTAIN JADIN, et al.,

    Defendants.

**ORDER**

Presently before the Court is plaintiff's second attempt to amend his complaint. On November 30, 2009 the plaintiff, who is incarcerated at F.C.I. Otisville, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a January 21, 2010 screening order I allowed him to proceed on two of his claims but dismissed others for failure to state a claim. On November 4, 2010, plaintiff moved to amend his complaint. (Dkt. 42.) Plaintiff's motion to amend failed to comply with Civil L. R. 15(b) and Fed. R. Civ. P. 8(a)(2), but this Court gave him 30 days to try again. Specifically I instructed plaintiff to file "a short and simple explanation of what specific changes he seeks and to file an amended complaint that is a short and plain statement of his claims." (Order, Dkt. 43, at 2.) On December 13, 2010 plaintiff filed another motion for leave to amend. (Dkt. 50.) Because plaintiff has still failed to comply with Civil L. R. 15(b) and Fed. R. Civ. P. 8(a)(2), his motion will be denied.

Civil L. R. 15(b) requires a plaintiff seeking permission to amend his complaint to both explain what changes are sought by the proposed amendments and to include a proposed amended complaint as an attachment to the motion to amend. The rule clearly states:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and many not incorporate any prior pleading by reference.
>
> (b) The motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

Plaintiff's December 13, 2010 submission complies with neither requirement of Civil L. R. 15. Plaintiff has not attached "the entire pleading as amended" in plain disregard of this Court's direction to "file an amended complaint that is a short and plain statement of his claims" and in violation of Civil L. R. 15. Instead plaintiff's motion to amend states that it "relates back" to the original complaint. As such plaintiff is attempting to incorporate by reference his prior complaint and prior proposed amended complaint in clear violation of the rule. (Dkt. 50 at 5.)

Second, under Fed. R. Civ. P. 8(a)(2) a pleading must be a "short and plain statement of the claim showing that the pleader is entitled to relief." But plaintiff does not attach any proposed amended complaint, let alone one that is short and plain. As such he fails to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to amend his complaint [Dkt. # 50] is **DENIED** with prejudice.

Dated this ___13th___ day of December, 2010.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge