UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES T. McINTOSH,

   Plaintiff,

v.               Case No. 09-C-1106

C/O MALUEG and NORB WENDRICKS,

   Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

   In this action under 42 U.S.C. § 1983 Plaintiff Charles McIntosh, a federal prisoner, claims a nurse and a corrections officer were deliberately indifferent to his serious medical needs. Presently before the Court are two motions, filed by Plaintiff, to compel production of documents. (Dkt. 49; Dkt. 60.) For the reasons detailed herein Plaintiff's motions to compel will both be denied.

   Under Fed. R. Civ. P. 26(b)(1) parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought need not itself be admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing

party. If the opposing party fails to provide the materials, the party must then personally consult with the opposing party and attempt to resolve their differences. Civil L.R. 37 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written certification by the movant that, "after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." Civil L.R. 37 (E.D. Wis.). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Here Plaintiff's motions, filed on December 5, 2010 (Dkt. 49) and on January 13, 2010 (Dkt. 60) do not comply with the above described procedure. His motions contain no representation that he attempted to confer with the Defendants before filing his motion to compel. For this reason alone, Plaintiff's motions to compel will be denied.

Several other reasons support a denial of Plaintiff's motions to compel. First, Plaintiff was previously provided with copies of all the documents he seeks by his December 5, 2010 motion to compel. (Def. Br. in Opp., Dkt. 51, at 4-6.) Second, Plaintiff's request for "All Major / Minor Disciplinary Incident Conduct Reports and the 18 or more grievances filed on B.C.J. staff" is overly broad and not likely to lead to the discovery of relevant evidence. Finally, Plaintiff filed a notice of appeal on December 30, 2010 seeking review of this Court's Order (Dkt. 53) denying his motion for leave to amend his complaint. (Dkt. 54.) To the extent that his more recent motion to compel (Dkt. 61) relates to "aspects of the case involved in the appeal" this Court cannot take any action on it. *Kusay v. United States,* 62 F.3d 192, 193 (7th Cir. 1995).

2

**THEREFORE, IT IS ORDERED** that Plaintiff's motions to compel, Dkt. [49] and Dkt. [60] are **DENIED**.

Dated this      19th      day of January, 2011.

                                                                s/ William C. Griesbach
                                                                William C. Griesbach
                                                                United States District Judge