UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES T MCINTOSH ,

        Plaintiff,

v.                                 Case No. 09-C-1106

CAPTAIN JADIN, C.O. MALUEG,
and NORB WENDRICKS,,

        Defendants.

**ORDER**

      This is a civil rights suit brought by a pro se prisoner against the Brown County Jail alleging a denial of medical care. The case was filed in late 2009 and actually proceeded to trial. The court granted a motion for a new trial and appointed counsel to represent McIntosh on a finding that the issues raised warranted the assistance of adversary counsel. Currently pending before the court is a motion for summary judgment brought by the defendants.

      In separate proceedings challenging his federal conviction, McIntosh has been sanctioned by the Seventh Circuit for filing frivolous papers. On July 29, 2013, the court entered the following Order:

> McIntosh is fined $500. Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), and any papers he submits will be returned unfiled. Moreover, any papers he submits attacking his current criminal conviction will also be returned unfiled. Finally, any applications for leave to file collateral attacks will be deemed denied 30 days after filing unless the court orders otherwise. *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).

*McIntosh v. United States*, Case No. 13-1073 (7th Cir. July 29, 2013).

On September 13, 2013, the court entered an Order based on the Stipulation of the parties and granted an extension of time for the plaintiff to respond to defendants' motions for summary judgment and for enlargement of the page limitation on his responsive brief. At the same time, however, the court advised the parties of the sanction order entered against McIntosh in the unrelated matter. Counsel were asked to indicate their positions with respect to whether or not the sanction order applied to this case and would prevent McIntosh from filing his response to the motion for summary judgment.

Having considered the responses of counsel, the court now concludes that McIntosh should be allowed to file his response. The court reaches this conclusion based upon its reading of the sanction order itself. By its terms, it applies to "further civil suits" and not pending actions. In this respect, the court's order is clearly distinguishable from the order addressed by the court in *In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007). In that case, the court's order specifically directed the clerk of all federal courts in the circuit to return unfiled any papers submitted by the sanctioned party directly or indirectly on his behalf "in this and any pending cases in this court or the district courts unless and until he pays in full all fees and costs from all of his federal suits." *Id* at 584. Here by contrast, there is no mention of pending actions.

Furthermore, the court later clarified *Mack* in *Matter of Skupniewitz*, 73 F.3d 702 (7th Cir, 1996). The court held there that its sanction order against *Mack* did not prohibit him from filing papers in a purely defensive mode where he was cast as a defendant or respondent. In *Von Flowers v. Canziani*, No. 04-C-892-C, 2004WL2810088 (W.D. Wis. Dec. 3, 2004), Judge Crabb construed a similar sanction order as permitting a plaintiff to respond to a motion to dismiss his lawsuit after it had been removed to federal court from state court. In light of *Skupniewitz*, the court concluded

2

that *Von Flowers* would be permitted to file a brief in opposition to the defendants' motion to dismiss but would be precluded from filing papers unrelated to that motion or to file further motions on his own.

Here, I conclude that the language of the sanction order entered by the court does not apply to actions pending at the time the order was entered. Even if it did apply, it would not preclude McIntosh from filing a response to the defendants' motions for summary judgment. Accordingly, Plaintiff may file his response forthwith.

**SO ORDERED** this ___20th___ day of September, 2013.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court